IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------
MARK WEIST                              :
529 Burgners Road                       :   CIVIL NO.
Carlisle, PA 17015                      :
                                        :
                                        :
                  Plaintiff,            :   **JURY TRIAL DEMANDED**
                                        :
            v.                          :
                                        :
AMAZON.COM.DEDC, LLC                    :
2 Ames Drive                            :
Carlisle, PA 17015                      :
                                        :
                  Defendant.            :
---------------------------------------------------------------

## COMPLAINT

Plaintiff, Mark Weist ("Mr. Weist" or "Plaintiff"), by and through his undersigned Counsel, in his Complaint against Defendant, Amazon.com.dedc, LLC ("Amazon" or "Defendant") alleges as follows:

## INTRODUCTION

1.  Plaintiff initiates this action to redress violations by Defendant of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA")., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq*. Plaintiff asserts that his FMLA rights were interfered with and that he was terminated from his employment with Defendant in retaliation for exercising his rights under the FMLA.

## PARTIES

1.  Plaintiff, Mark Weist, is an adult American citizen who presently maintains a residence at 529 Burgners Road, Carlisle, PA 17015.

2. Upon information and belief, Defendant, Amazon.com.dedc, LLC, is a Delaware Corporation that conducts operations in several states, including the Commonwealth of Pennsylvania, where it is registered and authorized to conduct business. Upon information and belief, Defendant maintains a place of business at 2 Ames Drive, Carlisle, PA 17015.

## JURISDICTION AND VENUE

3. Paragraphs 1 through 3 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

4. This is an action authorized and instituted pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

5. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1331 and 1343 as it is a civil rights action arising under the laws of the United States.

6. The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as Defendant resides in this district and the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

7. Paragraphs 1 through 6 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

8. On or around November 1, 2010, Plaintiff began his employment with Defendant as a temporary employee and over the course of several years was promoted. In or around 2014, Plaintiff was promoted to the position of Process Assistant.

9. At all times material hereto, Plaintiff received praise for his work, positive feedback from management, and no discipline.

10. In or around 2011, Plaintiff notified Defendant that his eldest son suffered from Autism. Plaintiff's son was diagnosed with Autism in or around May 2007. Plaintiff's son's Autism substantially limited his ability to concentrate and relate to others.

11. In or around October of 2015, Defendant implemented a new type of paid time off called Parental Leave for Newborns ("Parental Leave"). Parental Leave was available for full-time employees and provided up to six (6) weeks of leave. This leave could be taken at any time during the first year following a child's birth, adoption or placement for adoption.

12. On or around December 2, 2015, Plaintiff's youngest son was born.

13. Shortly thereafter, Plaintiff properly requested four (4) weeks of Parental Leave.

14. On or around January 6, 2016, Plaintiff filled out FMLA paperwork stating he required intermittent FMLA leave from January 6, 2016 through July 6, 2016 to care for his Autistic son.

15. On or around March 2, 2016, Plaintiff requested his last two (2) weeks remaining leave under the Parental Leave policy through March 22, 2016.

16. On or around July 23, 2016, Defendant combined plaintiff's unpaid annual FMLA leave of three hundred (300) hours, taken to care for is Autistic son, and Plaintiff's paid Parental Leave for Newborns of two hundred forty (240) hours, taken to care for his youngest son, and stated that Plaintiff had exceed the permitted annual FMLA leave of four hundred eighty (480) hours.

17. That same day, Defendant terminated Plaintiff's employment stating that he had exceeded the permitted annual FMLA leave of 480 hours.

18. At no point did Defendant provide any notices advising Plaintiff his FMLA leave had almost exhausted.

19. Additionally, the Defendant provided no explanation for combining Plaintiff's unpaid FMLA leave and Plaintiff's paid Parental Leave.

20.     Moreover, Defendant's Intermittent FMLA policy specifically states that the use of paid time off "does not offset FMLA usage." Upon information and belief Parental Leave is considered paid time off.

21.     Therefore, Plaintiff reasonably relied on this policy and on the fact that Defendant never said that Intermittent FMLA leave and Parental Leave could offset each other.

22.     Based on Defendant's representation, Plaintiff detrimentally believed he was on Intermittent FMLA leave and separately on Parental Leave.

23.     Plaintiff indisputably needed to tend to his Autistic son for his serious medical condition and sought leave to do so without fear of termination, as was his right under the FMLA.

24.     It is believed and therefore averred that Defendant terminated Plaintiff because he attempted to exercise his rights under the FMLA to take leave to care for his Autistic son and because Defendant believed that Plaintiff would continue his leave into the future.

25.     Plaintiff further alleges that after inducing Plaintiff into believing his leave was permissible under the FMLA, Defendant terminated Plaintiff's employment for taking leave to care for his Autistic son. It is believed and therefore averred that Plaintiff was eligible under the Intermittent FMLA leave and pleads a claim that supports a claim for equitable estoppel.

26.     Additionally, it is believed and therefore averred that Defendant terminated Plaintiff because of the known disability of his Autistic eldest son.

27.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

**COUNT I**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**
**INTERFERENCE, EQUITABLE ESTOPPEL AND RETALIATION**

28. Paragraphs 1 through 27 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

29. At all times material hereto, Defendant employed at least fifty (50) employees at its Carlisle, Pennsylvania office location, or within seventy-five (75) miles thereof, for each working day in each of twenty (20) or more calendar days in the current or preceding year.

30. Plaintiff was an employee of Defendant's Pennsylvania office.

31. Plaintiff was an eligible employee under the FMLA and entitled to twelve (12) weeks of unpaid leave and/or intermittent leave to deal with his son's serious mental health condition.

32. Plaintiff provided adequate notice to Defendant of his need for a medical leave by giving notice as soon as he became aware of the need for leave and as soon as was practicable, pursuant to 29 U.S.C. § 2612(e).

33. Defendant willfully violated the FMLA by terminating Plaintiff for taking FMLA-qualifying leave and/or in retaliation for exercising his rights under the FMLA.

34. Defendant is estopped from asserting Plaintiff had run out of FMLA leave because, based on Company policy for Intermittent FMLA, Defendant confirmed the use of paid time off "does not offset FMLA usage." In reliance on Defendant's written company policy, Plaintiff reasonable commenced a medical leave of absence to care for his Autistic son. Furthermore, his FMLA time had not expired since it was against company policy to combine his Parental Leave, a form of paid time off, and his FMLA time.

35. The aforementioned actions of Defendant constitute both interference and retaliation violations of the FMLA.

36. Additionally, Plaintiff detrimentally relied on Defendant's Intermittent FMLA policy, and therefore Defendant is estopped from asserting Plaintiff had run out of FMLA leave, since the policy said paid time off "does not offset FMLA usage."

37. As a result of Defendant's actions, Plaintiff has suffered loss of employment, earnings, raises, and other significant economic benefits, along with emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

(1) Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

(2) Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

(3) Liquidated damages;

(4) Plaintiff's cost, disbursements and attorney's fees incurred in prosecuting this action;

(5) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

(6) Pre-judgment interest in an appropriate amount; and

(7) Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, *ET SEQ.*
## DISCRIMINATION

38.     Paragraphs 1 through 37 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

39.     Pursuant to the ADA, Plaintiff is a qualified individual in that his son was suffering from Autism, a disability within the definition of the Americans with Disabilities Act in that his condition substantially limited his ability to perform major life activities

40.     Defendant knew that Plaintiff's eldest son was disabled, in that he was suffering from Autism.

41.     Defendant refused to accommodate Plaintiff's requests for Intermittent FMLA leave because Plaintiff's eldest son suffered from a disability.

42.     In this regard, Defendant discriminated against Plaintiff by refusing to accommodate him and then subsequently terminating his employment because of the known disability of his son.

43.     Defendant, through its agents, officers, servants and/or employees, violated the ADA by discriminating against Plaintiff by terminating him because of the known disability of his eldest son.

44.     As a result of Defendant's deliberate, unlawful, and malicious actions set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earning potential, other significant economic benefits, emotional pain and suffering emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant

his the maximum relief allowed by law, including, but not limited to:

    (A)    Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

    (B)    Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton and/or malicious conduct;

    (C)    Plaintiff's costs, disbursements and attorney's fees incurred in prosecuting this action;

    (D)    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

    (E)    Pre-judgment interest in an appropriate amount; and

    (F)    Such other and further relief as is just and equitable under the circumstances.

### COUNT III
### THE PENNSYLVANIA HUMAN RELATIONS ACT
### 43 P.S. § 951, *ET SEQ.*
### DISCRIMINATION AND RETALIATION

45.    Paragraphs 1 through 44 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

46.    Plaintiff is a qualified individual who is associated with someone with a disability within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, due to his son's Autism and because this condition substantially limited his ability to perform major life activities.

47.    Plaintiff was/is able to perform the essential functions of his job with or without a reasonable accommodation of leaving early once or twice a week to attend to his Autistic son.

48. It is believed and therefore averred that Defendant terminated Plaintiff's employment on the basis of his son's actual and/or perceived disabilities.

49. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

50. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 955, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant his the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

        Respectfully submitted,

        **MURPHY LAW GROUP, LLC**


By:   /s/ Michael Murphy_____
        Michael Murphy, Esquire
        Eight Penn Center, Suite 2000
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        TEL: 215.375.0961 or 267.273.1054
        murphy@phillyemploymentlawyer.com
        Attorney for Plaintiff

Dated: July 23, 2018

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.